8U014/2AC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Sean Tyler (#B-71049) | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:17-cv-06732 |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | Magistrate Judge Sidney I. Schenkier |
| Sergeant Beachem, | ) | |
| Sergeant McCray | ) | |
| Sergeant Peck, | ) | Jury Trial Demanded |
| Unknown Representatives of | ) | |
| Cook County Sheriff Tom Dart | ) | |

SECOND AMENDED COMPLAINT

Sean Tyler, for his second amended complaint against Sergeant Brooks, Sergeant McCray, Sergeant McCray, and unknown representatives of Cook County Sheriff Tom Dart, state as follows:

Parties, Jurisdiction, And Venue

1. Sean Tyler (#B-71049, "Tyler") is a U.S. citizen, a resident of Illinois, and currently an inmate at Illinois River Correctional Institution.

2. Sergeant Beachem ("Beacham") is a correctional officer employed Cook County Sheriff Tom Dart ("Dart").

3. Sergeant McCray ("McCray") is a correctional officer employed by Dart.

4. Sergeant Peck ("Peck") is a correctional officer employed by Dart.

5. Unknown Representatives Of Cook County Sheriff Tom Dart

1

("Unknowns") are those individuals with responsibility for addressing the issues raised in the grievances described in this complaint and reporting how those issues were addressed.

    6. This court has jurisdiction of this case pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and 42 U.S.C. §1988.

    7. Venue is proper pursuant to 28 U.S.C. §1391, as this is the District in which the claim arose and the defendants reside.

Facts

    8. On March 11, 2016, correctional officials temporarily transferred Tyler from the custody of the Illinois Department of Corrections to the Cook County Jail.

    9. On that same date, IDOC officials gave Tyler's medically-prescribed CPAP machine to unknown jail officials. Tyler was told by unknown correctional officials and medical personnel that he would receive a CPAP machine before the day ended.

    10. Tyler suffers from sleep apnea, and the CPAP machine is necessary for him to be able to sleep without choking.

    11. Tyler did not receive the CPAP machine that evening.

    12. Tyler filed an emergency grievance that same day, March 11, 2016. Exhibit, page 1.

    13. Tyler followed up with another emergency grievance on March 17, 2016. Exhibit, page 5.

    14. Tyler also wrote a letter to Sheriff Dart on 3-17-16. Exhibit, page 6. Dart did not respond to the letter.

15. Tyler also pleaded with Beachem, McCray, and Peck to help him get the CPAP machine so that he could sleep and avoid injury or death, but these defendants were deliberately indifferent to his plight, and took no steps to address his emergency.

16. As a result of the defendants' deliberate indifference to his need for a CPAP machine to sleep without choking, Tyler suffered serious injuries, including sleep deprivation, choking, panic attacks, nightmares, apnea, dizziness, swelling of eyes and, as a result of one panic attack resulting from inability to breathe while sleeping, a sudden and abrupt movement from his bed into a metal fixture in his cell, injuring his ear, requiring surgery, and resulting in hearing loss.  All of these symptoms are typical of untreated sleep apnea.

17. Tyler did not receive a CPAP machine until April 5, 2016.

18. On March 30, 2016, jail officials prepared a response to his grievance, stating that records showed that he had received a CPAP machine on March 21, 2016.  Exhibit, page 3.

19. Tyler duly appealed that decision.  Exhibit, page 3.

20. The Unknowns had direct responsibility for providing a CPAP, and for truthfully reporting their provision of the CPAP to jail officials.  By failing to provide the CPAP in a timely manner, as well as falsely reporting delivery of a CPAP to Tyler on March 21, they displayed deliberate indifference to Tyler's medical needs.

21. Each of the named defendants, as well as each of the Unknowns,

displayed deliberate indifference to Tyler's medical needs, thereby inflicting cruel and unusual punishment on him in violation of the 8th Amendment.

22. In addition, the Unknowns' false report that Tyler had been provided with a CPAP machine on March 21, 2016, was extreme and outrageous behavior, delaying the provision of necessary medical equipment, and endangering Tyler's health and life.

### Count 1: Violation Of 42 U.S.C. §1983

23. Tyler incorporates the allegations of paragraphs 1 - 22.

24. Beachem, McCray, Peck, and Unknowns, acting under color of law, deprived Tyler of his 8th Amendment right to be free from cruel and unusual punishment by the actions described above.

25. Tyler's injuries, described above, were caused directly and proximately the defendants' deprivation.

WHEREFORE, Tyler pays for judgment against the defendants, jointly and severally, for actual damages, punitive damages for those defendants whose behavior was extreme and outrageous, for an award of costs and reasonable attorneys' fees, and for such other and further relief as may be warranted by the circumstances.

Tyler demands trial by jury.

s/ Jerome E. Boyle
Jerome E. Boyle (No. 6185176)
AWBlock & Associates

33 N. LaSalle Suite 3000
Chicago, IL, 60602
312.346.5656
jboyle@chicagolawyers.com
Attorneys for plaintiff Sean Tyler